IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUANTAS HEALTHCARE MANAGEMENT, LLC, | § § § § | |
| Plaintiff, | § § | Civil No. 3:23-CV-0891-K |
| v. | § § | |
| SUN CITY EMERGENCY ROOM, LLC and SUN CITY WEST EMERGENCY ROOM, LLC, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Sun City Emergency Room, LLC and Sun City West Emergency Room, LLC's (together, "Defendants") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "Motion") (Doc. No. 43).  Plaintiff Quantas Healthcare Management, LLC ("Plaintiff") filed a Response in Opposition (the "Response") (Doc. No. 48) to the Motion and Defendants filed a Reply (the "Reply") (Doc. No. 56) to the Response.

Defendants challenge the Court's subject matter jurisdiction under Article III to hear this case, arguing that Plaintiff does not have standing to bring its federal claims, to recover damages, and to pursue injunctive relief.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)).  A party may challenge the court's subject matter jurisdiction to hear a case by filing a motion pursuant

to Federal Rule of Civil Procedure 12(b)(1). FED. R. CIV. P. 12(b)(1). Here, Defendants attack only Plaintiff's constitutional standing which "is a jurisdictional question." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 769 (5th Cir. 2011). The Court may dismiss for lack of subject matter jurisdiction on any one of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *accord Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). On this Motion, the Court did not need to decide disputed factual issues in order to determine its jurisdiction.

Having carefully considered the Motion, the Response, the Reply, the applicable law, and the relevant portions of the record, the Court finds that Plaintiff demonstrated it has constitutional standing. *See Ramming*, 281 F.3d at 161 (party asserting federal jurisdiction bears the burden of proof on a Rule 12(b)(1) motion). The Court is satisfied of its power under Article III to hear this case and, thus, **DENIES** Defendants' Motion. *See id.* (court should grant a motion to dismiss for lack of subject matter jurisdiction "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.").

**SO ORDERED.**

Signed June 10th, 2024.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE